The State of Ohio, Appellee, *v.* Sauers, Appellant.

(No. 8420—Decided June 8, 1977.)

*Mr. Peter D. Oldham,* prosecuting attorney, for appellee.

*Mrs. Dorothy Bergmann,* for appellant.

Doyle, J. In this appeal from a judgment of the Akron Municipal Court, the defendant-appellant, Mark Sauers, presents a single assignment of error which is:

"The trial court erred in denying defendant's motion to dismiss the charge against him."

The record indicates that the defendant was arrested on a felony charge, given a preliminary hearing, and then bound over to the grand jury after a finding of probable cause. The grand jury returned an indictment for a misdemeanor and the case was remanded to the Akron Municipal Court for trial.

The pertinent facts, as found by the court, and with which we agree, appear as follows:

October 22, 1976, the defendant was arrested on a charge of aggravated burglary, a first degree felony (R. C. 2911.11).

October 28, 1976, a preliminary hearing was held in the Akron Municipal Court. Probable cause was found and the

defendant was bound over to the grand jury of Summit County.

November 21, 1976, defendant was released on bail.

November 24, 1976, the grand jury returned an indictment for criminal trespass, a fourth degree misdemeanor (R. C. 2911.21).

November 24, 1976, the Court of Common Pleas remanded the case back to the Akron Municipal Court and a summons was issued on the new charge.

November 30, 1976, service of summons was had upon the accused for criminal trespass.

December 15, 1976, defendant appeared in the Akron Municipal Court and moved for a dismissal of the charge against him pursuant to R. C. 2945.73(B).

We first direct attention to pertinent parts of R. C. 2945.71, entitled: Time within which hearing or trial must be held.''

''(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

''(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days; * * *

''(C) A person against whom a charge of felony is pending: * * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

As we view this appeal, the defendant's felony charge in the Akron Municipal Court was dismissed by the grand jury and a new charge followed. This new charge brought into action the statutory time limitations relating to misdemeanors. The time limitations of the statute relating to felonies was no longer applicable. We are impressed with

and approve the finding of the Akron Municipal Court as follows:

"Since defendant is not incarcerated, trial is to be had within 45 days of service of summons. R. C. 2945.71 (B)(1). The misdemeanor charge is a new charge and is pending within the meaning of R. C. 2945.71(B) upon the return of such indictment from the grand jury; i. e., November 24, 1976. However, in order for the time limitations, provided in R. C. 2945.71(B)(1), to start, there is a further requirement that either the defendant be arrested or served with summons. Such act, arrest, or service of summons, triggers the commencement of the action and of the time within which trial must be held. Since, in this case, service of summons occurred on November 30, 1976, that date is the date used to calculate the time within which trial must be had as required under R. C. 2945.71 (B)(1).

"Until November 24, 1976, there was no pending misdemeanor charge and until service of summons, which was had on November 30, 1976, there was no operative trial time requirement. It is apparent, from a reading of the statute, that these two operative facts must exist before the action is commenced and the time within which trial must be held has begun to run."

In conclusion, we affirm the trial court's ruling and overrule the defendant's claim of error. We find that the 45 day time limitation under R. C. 2945.71(B) commenced at the time that the defendant was served with summons on the misdemeanor charge as directed by the grand jury.

*Judgment affirmed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER and DOYLE, JJ., retired, were assigned to active duty under authority of Section 6(C), Article IV, Constitution.