THE STATE OF OHIO, APPELLEE, *v.* CATTEE ET AL., APPELLANTS.

(Nos. 1436 and 1438—Decided November 23, 1983.)

· *Mr. Howard H. Harcha III,* for appellee.

*Mr. Joseph L. Colburn, Jr.,* for appellants.

STEPHENSON, J. These are consolidated appeals by Walter R. Cattee and Walter Johnson from judgments of conviction and sentence entered by the Portsmouth Municipal Court. The sole assignment of error is as follows:

"The court erred in its computation of time under the speedy trial provisions."

As pertinent here, the record reflects the following with respect to the appeal of Walter Johnson. On May 10, 1982, Johnson was arrested and charged in the Portsmouth Municipal Court with the offense of breaking and entering in violation of R.C. 2911.13. He was, also, on May 10, 1982, released on surety bond. On May 26, 1982 his case was bound over to the Scioto County Court of Common Pleas for grand jury action. On June 7, 1982, an indictment was returned charging (1) the offense of attempted petty theft, a second degree misdemeanor, in violation of R.C. 2923.02 and 2913.02(A), and (2) trespassing, a fourth degree misdemeanor, in violation of R.C. 2911.21.

Johnson was served with a copy of the indictment on June 9, 1982. His release on bond continued by reason of a recognizance bond executed June 14, 1982. On June 24, 1982, the court of common pleas ordered the transfer of the charges to the Portsmouth Municipal Court pursuant to Crim. R. 21, the transfer being effected on July 20, 1982. Trial was set for September 2, 1982. On August 26, 1982, Johnson filed a motion to dismiss for violation of the time requirements for trial in R.C. 2945.71. The court sustained the motion with respect to the trespassing offense, but overruled the motion with respect to the attempted petty theft offense.

Thereafter, Johnson entered a no contest plea and was found guilty.

With respect to Walter R. Cattee, the record reflects the following pertinent facts: On June 9, 1982, Cattee was arrested for the offense of felonious assault, a second degree felony, in violation of R.C. 2903.11. He was charged with the offense on June 10, 1982 in the Portsmouth Municipal Court and committed to jail because of failure to post bond. On June 23, 1982, he was bound over to the Scioto County Court of Common Pleas for grand jury action. On July 6, 1982 he was indicted for the offense of assault, a first degree misdemeanor, in violation of R.C. 2903.13(A). On July 7, 1982, he was served with a copy of the indictment and on July 13, 1982, he was released from jail by being allowed to execute a recognizance bond.

On July 20, 1982, the transfer to the municipal court was effected and arraignment scheduled on July 29, 1982. On August 20, 1982, a motion to dismiss was filed for failure to comply with the speedy trial time requirements in R.C. 2945.71. Upon the motion being denied, Cattee entered a no contest plea, was found guilty and sentence was imposed.

Appellants assert that the offenses charged in each indictment are based upon the same conduct upon which the felony complaints were also based. Appellee does not take issue with such claim and we assume it correct for the purpose of this opinion.

R.C. 2945.71 provides, *inter alia,* the following:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) A person against whom one or more charges of minor misdemeanor and one or more charges of misdemeanor other than minor misdemeanor, all of which arose out of the same act or transaction, are pending, or against whom charges of misdemeanors of different degrees, other than minor misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial within the time period required for the highest degree of misdemeanor charged, as determined under division (B) of this section.[1]

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."

The pivotal issue posited for review is how the time provisions in R.C. 2945.71 are to be applied when the initial charge is a felony, the defendant is bound over and the grand jury indicts for a misdemeanor. Inasmuch as the situation presented is not expressly covered by the speedy trial statutes, our task is one of judicial interpretation in light of the presumed intention of the General Assembly in the statutory scheme adopted in implementation of constitutional speedy trial protections. It is apparent from an examination of the "opinions" of the trial court, apparently treated as entries, that the court concluded that the time for trial should be calculated from the date of service of the indictment charging misdemeanor violations without consideration of the pendency of the felony charge. Support for that conclusion can be found in *State* v. *Sauers* (1977), 52 Ohio App. 2d 113 [6 O.O.3d 87], wherein the Court of Appeals for Summit County held that where the bindover is on a felony charge and the grand jury indicts upon a misdemeanor, the effect is a dismissal of the felony charge so that the felony time limits do not apply to the "new" misdemeanor charge. Thus, it was concluded that the time is calculated under R.C. 2945.71(B) without reference to the prior pendency of the felony charge. For reasons hereinafter set forth, we find the *Sauers* rationale unpersuasive.

While the Ohio Supreme Court has not passed upon the precise question herein presented, the rationale of their holdings in other factual contexts is instructive as to the issue here considered.

In *State* v. *Bonarrigo* (1980), 62 Ohio St. 2d 7 [16 O.O.3d 4], the defendants were charged on June 29, 1976 with a misdemeanor offense in the Cleveland Municipal Court. On November 10, 1976, a *nolle prosequi* was entered. On the same date, the defendants were indicted upon a felony and misdemeanor

---

[1] Inasmuch as Johnson was indicted for trespassing, a fourth degree misdemeanor and also for attempted petty theft, a second degree misdemeanor, pursuant to R.C. 2945.71(D), the ninety-day time limitation applied to both offenses. However, inasmuch as the court apparently applied the forty-five-day limitation and dismissed the trespassing charge, and no appeal taken by the prosecution, the correctness of that dismissal is not before us.

charges based upon the same conduct which was the basis of the municipal court charge. With respect to the felony offense, the court held that the proper method to determine time for trial was to deduct from the two hundred seventy days the period the charge was pending in municipal court prior to being nolled. The court reasoned a contrary conclusion would "subvert the policy of the speedy trial statutes by automatically providing prosecutors a new 270-day period in which to bring an accused to trial, irrespective of the amount of unexplained delay involved in the prior misdemeanor proceedings." *Id.* at 10.

In a similar vein, the holding in *Sauers,* which fails to give consideration to the prior pendency of the felony charge would also appear to "subvert" the policy of the speedy trial statutes by automatically adding, depending upon the degree of the misdemeanor, an additional period of up to ninety days irrespective of the delay involved in the pending felony complaint. In short, prosecutors could allow most of the two hundred seventy day period for felonies to expire, then extend the time by a misdemeanor indictment.

As stated in *Bonarrigo, supra,* at 11: "Concededly, an accused has a valid interest in, and an independent constitutional right to, a speedy trial. However, in construing the speedy trial statutes, this court also recognizes the public's interests not only in the prompt adjudication of criminal cases, but also in obtaining convictions of persons who have committed criminal offenses against the state." In fashioning a rule to accommodate and balance these interests, and recognizing the admonition of the Ohio Supreme Court as to strict enforcement of legislative mandates, see *State* v.

*Pachay* (1980), 64 Ohio St. 2d 218, 221 [18 O.O.3d 427], we conclude that a wooden application of the statutory misdemeanor time limitations to the case *sub judice* would weigh far too heavily in favor of the accused and contrary to justice. This is readily perceivable where, as here in the Cattee appeal, those time limitations would have expired prior to the return of the misdemeanor indictment. We deem it incredible that the General Assembly would have intended such a result. In sum, a strict application of the misdemeanor time limits in such a case would result to the prejudice of the accused by the prosecution seeking a felony indictment upon evidence disclosing only a misdemeanor, or alternatively, not indicting at all to the prejudice of society in prosecution of crimes.

A much fairer rule, and one we adopt, is that where a felony complaint is filed, the accused is bound to the grand jury and an indictment charging a misdemeanor is returned, the statutory time limitations respecting the misdemeanor shall apply *subject* to the requirement that the time for trial shall not exceed the statutory period for trial of the felony. Such qualification of the ordinary rule of time limitations for misdemeanor trials is necessary to prevent unjustified delay following arrest to the prejudice of the accused, but at the same time realistically allows the prosecution to rely, prior to grand jury action, upon the felony time limitations. Thus, for example, where the prosecutor chooses to delay presentment of the felony charge to a grand jury of a defendant on bond, until two hundred days after arrest, the time for trial for a misdemeanor would be seventy days and not ninety days.[2]

---

[2] To give no consideration in the speedy trial context to the period following arrest while the felony charge was pending is to ignore the underpinnings of why an accused is constitutionally entitled to a prompt trial, *i.e.,* that pendency of a charge, particularly a felony, may seriously interfere with the defendant's liberty, whether he is free on bail

While the rule may impose an additional burden upon the prosecution in monitoring its cases, it is a reasonable accommodation of the competing interests of an accused and society to a speedy trial. In the event the evidence to be presented to the grand jury is not fully available, it is always within the power of the prosecution to seek entry of a *nolle prosequi* which will toll the speedy trial statute. *State* v. *Spratz* (1979), 58 Ohio St. 2d 61 [12 O.O.3d 77]. While, arguably, the rule here adopted might tempt prosecutors to always initially file a felony complaint irrespective of the evidence, it must be remembered that such evidence must withstand a probable cause determination by a court.

Applying the rule to the facts in each of the cases before us, it follows that there was no violation of the appellants' speedy trial rights. Accordingly, the assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

ABELE, P.J., and GREY, J., concur.

or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. See *Klopfer* v. *North Carolina* (1967), 386 U.S. 213; *United States* v. *Marion* (1971), 404 U.S. 307.