THE STATE OF OHIO, APPELLEE, *v.* PHILLIPS, APPELLANT.

(No. 83AP-1061—Decided July 26, 1984.)

*Gregory S. Lashutka,* city attorney, *Ronald J. O'Brien,* city prosecutor, and *David E. Tingley,* for appellee.

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

REILLY, J. Defendant, Douglas E. Phillips, appeals his conviction on one count of drug abuse, R.C. 2925.11, a third degree misdemeanor because the drug found on defendant's person was valium. He advances one assignment of error:

"The Trial Court erred by overruling the defendant's motion for discharge due to lack of compliance with the statutory requirements providing for a speedy trial."

Defendant was arrested on July 16, 1983 for disorderly conduct. During a routine search of his person, officials found a substance thought to be methaqualone hidden in his clothing. Therefore, defendant was charged with one count of felony drug abuse, R.C. 2925.11. At some point in time, the exact date being unclear from the record, analysis of the substance revealed that it was not methaqualone, but was, instead, valium. The felony charge was dismissed on July 28, and a misdemeanor drug charge was filed on August 30. On the trial date of October 10, 1983, defendant moved for dismissal on speedy trial

grounds. The motion was overruled, and defendant entered a plea of no contest. He was found guilty as charged.

The crux of defendant's appeal is that he should receive credit against the forty-five day period in which he had to be tried according to R.C. 2945.71(B)(1) for the time during which the felony charge was pending. Thus, he argues, he is entitled to credit for sixteen days arising from the felony charge (six days credit, on a three-for-one basis for the time he was held in jail, July 16 to 18, plus ten days from July 18 until the charge was dismissed on July 28). When these sixteen days are computed together with the time the misdemeanor charge was pending (August 31, the date the summons was served, to October 10, the day of trial, or some thirty-nine days), defendant contends that the charge should have been dismissed for violation of defendant's statutory speedy trial right.

The principal case cited by defendant in support of his argument is *State* v. *Bonarrigo* (1980), 62 Ohio St. 2d 7 [16 O.O.3d 4]. There the Supreme Court held that a defendant is entitled to credit against the two hundred seventy day speedy trial period applicable to a felony charge for the time a previously *nolled* misdemeanor charge arising from the same conduct was pending. Defendant also relies upon *Westlake* v. *Cougill* (1978), 56 Ohio St. 2d 230 [10 O.O.3d 382], and *State* v. *Spratz* (1979), 58 Ohio St. 2d 61 [12 O.O.3d 77], wherein the Supreme Court held that the speedy trial clock is tolled, but not reset, during the period between the *nolle prosequi* of a charge and the subsequent refiling of the same charge, or during the time required for a judicial determination of competency to stand trial.

The state, in opposition to defendant's argument, asserts that the forty-five day period applicable to the misdemeanor charge begins to run upon service of the summons, without regard to the previously dismissed felony charge.

It cites *State* v. *Sauers* (1977), 52 Ohio App. 2d 113 [6 O.O.3d 87], from the Court of Appeals for Summit County, in support. There the defendant was bound over on a felony charge, but the grand jury returned a misdemeanor indictment. The court of appeals, in reviewing the trial court's denial of a motion to dismiss on speedy trial grounds, held that the grand jury's misdemeanor indictment was a dismissal of the felony charge, and that the running of the misdemeanor time period could not begin until the service of the misdemeanor summons.

It is evident that this precise situation was not addressed by the legislature in the speedy trial statute. However, the construction urged by the state is clearly the more reasonable interpretation of the statute, and is consistent with the spirit of the speedy trial statute, which is primarily intended to minimize the restrictions on freedom and the general disruption of life caused by pending and unresolved criminal charges. See, *e.g.,* *United States* v. *MacDonald* (1982), 456 U.S. 1. Moreover, this construction is consistent with the cases which have considered the issue. *Sauers, supra;* *State* v. *Hargrave* (June 3, 1981), Green App. No. CA 1190, unreported; *State* v. *Cattee* (1983), 14 Ohio App. 3d 239.

At the time defendant was charged, the parties anticipated that he would be tried for a felony offense, which is governed by the two hundred seventy day speedy trial period of R.C. 2945.71 (C)(2). It was only after analysis of the drug possessed by defendant, and the passage of sixteen "days" for speedy trial purposes, that it became apparent that defendant would only be tried for a misdemeanor, to which the forty-five day period of R.C. 2945.71(B)(1) applies. To hold that defendant must be tried within the time that remains from the lesser misdemeanor period would place an unduly severe burden on the prosecution, and would require the prosecution to treat all persons suspected of conduct

which could constitute either a felony or a misdemeanor as though they will be tried for the misdemeanor.

Further, defendant has not been subject to any greater burden than is contemplated by the statute. He was tried well within two hundred seventy days from the filing of the felony charge he originally faced, and within the forty-five-day period which arose after the charge was, in effect, reduced.

Thus, for the foregoing reasons, the assignment of error is not well-taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

MOYER and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.