## THE CITY OF CLEVELAND, APPELLANT, *v.* SELVIA, APPELLEE.

(Nos. 54344 and 54345—Decided October 24, 1988.)

*Patricia A. Blackmon,* chief prosecutor, and *Joan M. King,* for appellant.

*William T. Doyle, Jr.,* for appellee.

J. V. CORRIGAN, J. This is an appeal from a judgment of the Cleveland Municipal Court, wherein the court dismissed criminal charges against defendant-appellee, John Selvia, for failure to comply with the speedy trial statute, R.C. 2945.71.

On February 17, 1987, the Cuyahoga County Grand Jury returned an indictment of vehicular homicide, a misdemeanor, against defendant-appellee. The indictment stemmed from a police investigation of a fatal hit-and-run accident on November 20, 1987.

The Cuyahoga County Court of Common Pleas issued a summons to defendant-appellee on February 20, 1987. The record indicates that he received the summons on March 10, 1987.

On February 25, 1987, the county prosecutor's office requested that the case be transferred to Cleveland Municipal Court. The administrative judge granted the motion pursuant to Crim. R. 21(A). The transfer order was filed on March 2, 1987.

Defendant-appellee appeared for arraignment in Cuyahoga County Common Pleas Court on the summons issued February 20, 1987. At that time, he was informed that the case had been transferred to Cleveland Municipal Court.

On April 23, 1987, the city prose-

1

cutor's office was notified of the transferred case. The city prosecutor issued a second summons to defendant-appellee for vehicular homicide on April 27, 1987, via certified mail. Subsequently, defendant-appellee was personally served with an additional charge for failure to stop at the scene of an accident. The defendant-appellee was ordered to appear in Cleveland Municipal Court on May 12, 1987, for arraignment.

The defendant-appellee appeared for arraignment on both charges on May 12, 1987. A pretrial was set for June 10, 1987. At the pretrial, defendant-appellee's counsel raised the issue of speedy trial pursuant to R.C. 2945.71. An evidentiary hearing on this matter was set for June 17, 1987.

On June 12, 1987, a written motion to dismiss for lack of speedy trial was filed. The court heard oral argument on the motion on July 17, 1987, and subsequently granted defendant-appellee's motion on July 31, 1987.

On August 3, 1987, the city prosecutor filed a motion to correct the record and to vacate the judgment of dismissal. This motion was denied. This timely appeal followed, raising one assignment of error:

"The trial court erred in granting defendant's motion to dismiss for violation of the speedy trial time limitation."

In its assignment of error, the city prosecutor alleges that the trial court was incorrect in granting defendant-appellee's motion to dismiss. Specifically, it is contended that defendant-appellee was not denied his right to a speedy trial under R.C. 2945.71. We find this assignment of error to be without merit.

In State v. Pachay (1980), 64 Ohio St. 2d 218, 18 O.O. 3d 427, 416 N.E. 2d 589, the Ohio Supreme Court held that the speedy trial provisions of R.C. 2945.71 are to be strictly enforced by the courts of this state. R.C. 2945.71 (B)(2) provides that a person charged with a misdemeanor shall be brought to trial within ninety days of arrest or service of summons.

In the instant case, the grand jury indicted defendant-appellee on a misdemeanor charge. The county issued a summons on this charge that was served on March 10, 1987. Prior to service, the case was transferred to the Cleveland Municipal Court. After this transfer occurred, the city prosecutor then issued a second summons on the same misdemeanor offense.

The specific question presented by this case deals with the correct computation of time for purposes of determining whether defendant-appellee was denied his right to a speedy trial.

In State v. Sauers (1977), 52 Ohio App. 2d 113, 115, 6 O.O. 3d 87, 89, 368 N.E. 2d 334, 336, the Summit County Court of Appeals held that the act of arrest or service of summons triggers the commencement of the action and of the time within which trial must be held. Plaintiff-appellant contends that the time period for purposes of the speedy trial statute did not begin to run until service of the summons by the city prosecutor.

Plaintiff-appellant cites Sauers, supra, and State v. Phillips (1984), 19 Ohio App. 3d 85, 19 OBR 169, 482 N.E. 2d 1337, as authority for its position. However, both cases present distinguishable fact situations which make them inapposite to the case at bar.

In Sauers, the defendant was bound over on a felony charge, but the grand jury returned a misdemeanor indictment. The court held that the computation of time under the speedy trial statute began when the summons on the misdemeanor was served. Sauers, supra, at 115, 6 O.O. 3d at 89, 368 N.E. 2d at 336. The misdemeanor indictment nullified and dismissed the

felony charge, and the speedy trial period began when the summons was served on the lesser offense.

Similarly, in *Phillips,* the defendant was initially charged with one count of felony drug abuse. This charge was subsequently dismissed and he was tried on a misdemeanor drug abuse charge.

The defendant in *Phillips* argued that he should have been given credit against the forty-five-day period in which he had to be tried for the misdemeanor charge under R.C. 2945.71(B)(1). The court explained that "[t]o hold that defendant must be tried within the time that remains from the lesser misdemeanor period would place an unduly severe burden on the prosecution * * *." *Phillips, supra,* at 86, 19 OBR at 171, 482 N.E. 2d at 1338. Therefore, it was held that the time computation under R.C. 2945.71 would begin with service of the summons on the misdemeanor charge.

The relevant point to be recognized in both *Sauers* and *Phillips* is that there was a dismissal of the original charges against these defendants. After said dismissals, the statutory speedy trial time period commenced for the new misdemeanor charges brought against them.

The facts presented in the instant case address a single misdemeanor charge against defendant-appellee. Although a felony indictment may have been anticipated by the county prosecutor's office, a misdemeanor indictment was returned. That alone distinguishes this case from both *Sauers* and *Phillips.*

This court would be hard-pressed to outline an exception to the speedy trial provision of R.C. 2945.71(B)(2) in the instant case. Such an act would penalize defendant-appellee for what appears to be an administrative problem whose cure is not within the province of this court.

The defendant-appellee was subject to an initial misdemeanor charge that was returned by the grand jury on February 17, 1987. Since there is no exception provided for under R.C. 2945.71(F)[1] for circumstances such as those presented herein, the ninety-day time computation began upon service of the initial summons. Defendant-appellee should have been brought to trial by June 10, 1987.

Therefore, the trial court was correct in dismissing the case for noncompliance with R.C. 2945.71(B)(2).

*Judgment affirmed.*

KRUPANSKY, J., concurs.

PRYATEL, C.J., dissents.

PRYATEL, C.J. Respectfully, I dissent.

Originally, this case was sent directly to the grand jury since it raised a question of aggravated vehicular homicide, a felony. When an indictment was returned, it was not for aggravated vehicular homicide (a felony), but vehicular homicide, a misdemeanor. Apparently in the belief that a felony charge had been returned, the clerk of the common pleas court issued a summons. (The leaving the scene of an accident charge was not referred to the grand jury since it was a misdemeanor.)

Crim. R. 21(A) provides for the

---

[1] R.C. 2945.71(F) allows for extension of time if a change in venue occurs pursuant to law. The common pleas court and the Cleveland Municipal Court have concurrent jurisdiction over cases charging misdemeanor offenses. See R.C. 2931.03 and 2931.04. Therefore, the change in venue in this case was discretionary and not pursuant to law. See Crim. R. 21(A).

transfer of an indictment (that charges a misdemeanor) from the court of common pleas "* * * to the court of record of the jurisdiction in which venue appears." Upon such transfer, the court of common pleas relinquishes jurisdiction and the case is then pending in the "court of record." In this case, the "court of record" became the Cleveland Municipal Court. As noted in *State* v. *Phillips* (1984), 19 Ohio App. 3d 85, 86-87, 19 OBR 169, 171, 482 N.E. 2d 1337, 1338:

"* * * To hold that [a] defendant must be tried within the time that remains from the lesser misdemeanor period would place an unduly severe burden on the prosecution, and would require the prosecution to treat all persons suspected of conduct which could constitute either a felony or a misdemeanor as though they will be tried for the misdemeanor."

R.C. 2945.71 provides in part:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

When the city prosecutor's office became aware that the case had been transferred to the municipal court, a summons for the misdemeanor vehicular homicide charge was sent to defendant by certified mail on April 27, 1987. That summons was returned unclaimed. On April 28, 1987, the police personally issued the defendant a misdemeanor citation for leaving the scene of an accident, a charge arising out of the same incident as the vehicular homicide charge.

On May 12, 1987, defendant appeared in court and was arraigned on both misdemeanor charges (vehicular homicide and leaving the scene of an accident). In effect, the arraignment served as notice of the pending vehicular homicide charge for purposes of R.C. 2945.71(B)(2).

Accordingly, the ninety-day speedy trial limitation commenced for the charge of leaving the scene of an accident on April 28, 1987, the date the summons was served, and for the vehicular homicide charge on May 12, 1987, the date defendant was arraigned on that charge. On those dates the charges were pending in the "court of record" and the June 10, 1987 date was within the time prescribed by law.

I would reverse and remand for further proceedings.