DECISION AND JUDGMENT ENTRY
Greg Smith appeals his first-degree misdemeanor conviction for failing to comply with the order of a police officer, a violation of R.C. 2921.33.1(B). Smith contends that the Athens County Municipal Court should have dismissed the charges against him because the state did not bring him to trial within the ninety-day statutory time period for first-degree misdemeanors. We disagree, because the state brought Smith to trial within ninety days after amending the charge against him from a felony to a misdemeanor, and within two hundred seventy days of the original arrest. Accordingly, we affirm the judgment of the trial court.
 I.
On November 4, 1998, a Glouster police officer activated his lights siren in an attempt to pull over Smith. Smith led the officer on a high speed chase that lasted nine minutes and encompassed eleven streets, but occurred at a time or place where not many people were on the streets.
The officer arrested Smith and charged him with felony failure to comply with the order of a police officer, a violation of R.C. 2921.33.1(C)(3). The officer also charged Smith with several misdemeanors, including driving under the influence, driving under suspension, speeding, and displaying fictious tags. On December 10, 1998, Smith appeared before the court on the misdemeanor charges. The court accepted his no contest plea to an amended misdemeanor charge, and dismissed the remaining misdemeanors upon the state's motion.
The Athens County prosecutor's office later determined, based upon the small number of people on the streets of Glouster when Smith led police in the chase, that the officer should have charged Smith with first-degree misdemeanor failure to comply, rather than fourth-degree felony failure to comply. Upon the state's motion, the trial court dismissed the felony charge on February 1, 1999. On February 22, 1999, the state filed a complaint alleging, based upon Smith's November 4, 1998 actions, that he violated R.C. 2921.33.1(B), first-degree misdemeanor failure to comply.
The trial court arraigned Smith on February 22, 1999. Smith concedes that his speedy trial time tolled for all but ten days between his arraignment and his scheduled trial date, June 3, 1999. During that time, Smith filed a motion to dismiss pursuant to R.C. 2945.71. The trial court overruled his motion and, on June 3, 1999, Smith entered a no contest plea. The trial court found Smith guilty and sentenced him accordingly.
Smith now appeals, asserting the following assignment of error:
 The trial court erred in denying the defendant-appellant's motion to dismiss in violation of Ohio's speedy trial statute, R.C. 2945.71, et seq.
 II.
In his sole assignment of error, Smith asserts that the trial court should have granted his motion to dismiss because the state did not bring him to trial within ninety days of his arrest. The state asserts that the trial court did not err, because it brought Smith to trial within the speedy trial guidelines for charges that are filed as felonies and later reduced to misdemeanors.
On appellate review, a speedy trial issue usually raises a mixed question of fact and law. State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10, unreported. Thus, we accept facts found by the trial court if supported by some competent credible evidence, but conduct a de novo review of the trial court's application of the law to the facts. Id., citing State v. Howard
(Mar. 4, 1994), Scioto App. No. 93CA2136, unreported. In this case, the facts are not in dispute. Consequently, we need only engage in a de novo review of the trial court's decision. SeeState v. Anderson (1995), 100 Ohio App.3d 688, 691.
When an original charge is later reduced to a lesser offense based upon the same conduct, the speedy trial limitations of R.C.2945.71 begin to run anew on the date the defendant is served with the charge on the lesser offense. State v. Cattee (1983),14 Ohio App.3d 239, 242; State v. Besimer (Feb. 28, 1996), Ross App. No. 95CA2110, unreported. See also State v. Phillips (1984),19 Ohio App.3d 85; State v. Sauers (1977), 52 Ohio App.2d 113;Mansfield v. Budea (Feb. 6, 1992), Richland App. No. CA-2889, unreported. However, the statutory time requirement for the new, lesser charge may not exceed the statutory period for trial of the original, more serious charge. Cattee at 243. In other words, to compute speedy trial time we compare the deadlines for the original charge versus the reduced charge, and then use the earlier of the two deadlines. This method of computation effectively balances the competing interests of the accused and the state. Id. at 242-243.
Smith asserts that Cattee only applies to cases in which a grand jury returns an indictment for a misdemeanor after the state files a felony complaint. Because the complaint in this case was never considered by a grand jury, Smith believes that we should apply the misdemeanor speedy trial time period from the date of his arrest to determine the trial deadline in his case. Smith believes that applying Cattee to charge reductions that do not involve a grand jury proceeding will encourage the state to file felony charges when the evidence only supports misdemeanor charges, because the state will benefit from an enlarged statutory time period.
We have already determined that Cattee applies when speedy trial time is altered by a reduction in charges even without grand jury involvement. See Bessimer, supra. Moreover, we find that the policy concerns that Smith raises are adequately addressed, and Smith's constitutional right to a speedy trial is adequately protected, by imposing felony limitations from the date of arrest. As in Cattee, in this case "we conclude that a wooden application of the statutory misdemeanor time limitations * * * would weigh far too heavily in favor of the accused and contrary to justice." Id. at 243. Finally, we note that, even if the protections in Cattee were not adequate against an overzealous prosecutor or police force, our judgment would remain the same in this case. Smith presented no evidence that the police initially filed a felony complaint in a bad faith effort to subvert Smith's constitutional rights.
Smith finally asserts that we should revisit Cattee based upon the Ohio Supreme Court's recent decision in State v. Hughes
(1999), 86 Ohio St.3d 424. In Hughes, the Ohio Supreme Court determined that, where a single indictment contains both felony and misdemeanor charges, the misdemeanor charges must be tried within misdemeanor speedy trial guidelines, even if that requires the state to conduct a separate trial on the felony charges. Id.
at syllabus.[1]
We find the situation before us significantly distinguishable from that before the court in Hughes. Here, as in Hughes, the state charged the accused with both felonies and misdemeanors. However, unlike the prosecution in Hughes, the state brought Smith to trial on the misdemeanor counts before it pursued the felony count. Smith received resolution of the misdemeanor charges against him well within the misdemeanor speedy trial time period, despite the fact that a related felony charge remained pending. Thus, the trial court fully complied with Hughes.
Moreover, the rationale of the Hughes decision simply does not logically extend to the dilemma presented when the state chooses to reduce a felony charge to a misdemeanor. The interest of the state in extending the speedy trial time period in Hughes was merely an interest in economy and convenience. Id. at 427. In contrast, the interests supported by the Cattee rule, those of fairness and justice, are of far greater importance. See Cattee
at 242-243. Therefore, we decline to extend the Hughes decision to overrule Cattee.
In applying the Cattee rule to determine the appropriate speedy trial time period in this case, we first determine the relevant statutory speedy trial time periods. R.C. 2945.71(C)(2) establishes a two hundred seventy-day time limit for prosecution of felonies. R.C. 2945.71(B)(2) establishes a ninety-day time limit for prosecution of first and second-degree misdemeanors. Additionally, R.C. 2945.72 provides that the speedy trial time can be tolled under certain circumstances.
Smith contends that a total of one hundred twenty-seven chargable days elapsed from the date of his arrest until his trial date, when he pled no contest. Only ten of those days elapsed from the date the state filed the misdemeanor failure to comply charge until his trial date. Thus, the state brought Smith to trial within two hundred seventy days of his felony arrest, and within ninety days of the reduction in charges. Therefore, we conclude that the state brought Smith to trial within the speedy trial guidelines.
Accordingly, we overrule Smith's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
[1] Following the Hughes decision, the 123rd Ohio General Assembly amended R.C. 2945.71 to provide that, where multiple offenses arising from the same conduct are pending, the state must bring the accused trial on all of the charges within the statutory time period required for the highest degree of offense. S.B. No. 49.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
EVANS, J.: Concurs in Judgment and Opinion.
ABELE, J.: Concurs in Judgment Only.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.