OPINION
Defendant-appellant, Gregory G. Fields, appeals his convictions by the Clermont County Court of Common Pleas for driving under the influence of alcohol and driving under suspension.
On January 10, 1999, appellant was arrested in Clermont County for driving under the influence of alcohol or drugs ("DUI") in violation of R.C. 4511.19(A)(1), a first-degree misdemeanor, and for driving under suspension ("DUS") in violation of R.C. 4507.02, a first-degree misdemeanor. The officer issued appellant a summons requiring him to appear in the Clermont County Municipal Court on January 14, 1999. The officer also arrested appellant on outstanding warrants in Hamilton County which were the initial basis for the stop. Thereafter, the officer turned appellant over to Hamilton County authorities who placed appellant in jail at the Hamilton County Justice Center.
Although appellant's summons ordered him to appear in the Clermont County Municipal Court on January 14, 1999, appellant did not appear, since at that time, appellant was in jail in Hamilton County. That day, the trial court issued a bench warrant that was lodged as a holder against appellant in Hamilton County.
Upon further investigation, the state discovered that appellant had three prior DUI convictions. On March 17, 1999, the Clermont County Grand Jury indicted appellant on a fourth-degree felony DUI charge and on a misdemeanor DUS. The indictment was based upon the same facts and circumstances surrounding the January 10, 1999 charges with the addition of a reference to appellant's three prior DUIs.
Appellant was returned to Clermont County on March 27, 1999, and the bench warrant was canceled on March 29, 1999. That day, appellant appeared in the Clermont County Municipal Court on a bond hearing where the state dismissed the January 10, 1999 charges and served appellant with a copy of the indictment charging a felony DUI and misdemeanor DUS. In lieu of posting bail, appellant chose to remain in jail until his trial.
On April 21, 1999, appellant made an oral motion to suppress evidence. At an April 27, 1999 hearing, appellant notified the court that he wished to withdraw his motion to avoid any tolling of the speedy trial statute. By its April 30, 1999 entry, the trial court dismissed the motion to suppress and stated that the speedy trial statute had been tolled between April 21 to April 27, 1999. At that time, the trial court set the trial for May 26, 1999.
On May 6, 1999, appellant filed a pro se motion to dismiss the case or reduce the felony DUI to a misdemeanor DUI on the grounds that there was not a conviction on the third DUI.[1] Prior to trial on May 26, 1999, the state amended the indictment from a felony DUI to a misdemeanor DUI after discovering that one of the three prior DUIs had not been properly journalized.[2]
Afterwards, appellant objected to proceeding with his trial based upon the state's failure to bring him to trial on misdemeanors under the time requirements of R.C. 2945.71(B)(2). The trial court overruled appellant's motion for discharge and the case proceeded to trial.[3]
The jury returned a verdict of guilty on both charges and by its June 2, 1999 entry the trial court found appellant guilty of both charges. In a June 29, 1999 judgment entry, the trial court sentenced appellant to six months in the Clermont County jail on each charge to be served consecutively. In addition, the trial court fined appellant $1,000 and suspended his driver's license for three years.
Appellant timely appeals, raising the following assignment of error:
 THE COURT COMMITTED ERROR IN OVERRULING DEFENDANT APPELLANT'S MOTION TO DISCHARGE FOR FAILURE TO BRING HIM TO TRIAL WITHIN THE TIME ALLOTTED BY RC § 2945.71(B)(2).
Ohio's speedy trial statute requires that a person charged with a first-degree misdemeanor must be brought to trial within ninety days after his arrest or summons. R.C. 2945.71(B)(2). A person charged with a felony must be brought to trial within two hundred seventy days after his arrest. R.C. 2945.71(C)(2). The time within which an accused must be brought to trial may be extended by "[a]ny period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state * * * provided that the prosecution exercises reasonable diligence to secure his availability," R.C. 2945.72(A); a "period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," R.C.2945.72(E); the "period of any continuance granted on the accused's own motion," and the period of any reasonable continuance granted other than upon the accused's own motion," R.C 2945.72(H). In addition, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).
Appellant presents two issues for our review. We will address appellant's issues out of order. In his second issue for review, appellant contends that the state was required to bring him to trial on the misdemeanor DUS charge within the ninety-day rule of R.C. 2945.71(B)(2) as modified by the "triple-count" provision of R.C. 2945.71(E). Appellant maintains that the recent Supreme Court decision, State v. Hughes (1999), 86 Ohio St.3d 424, is dispositive of the issue. The state contends that the applicable law at or prior to the commencement of trial should apply since a motion for speedy trial violations must be made at that time. See R.C. 2945.73(B).
At the time of his trial, the state and the trial court followed our holding in State v. Browning (Nov. 12, 1991), Butler App. No. CA91-01-009, unreported, and applied the felony speedy trial time of two hundred seventy days under R.C. 2945.71(C)(2) to the misdemeanor DUS charge. In Browning, we held that "when an indictment containing both felony and misdemeanor charges is returned after the expiration of the time to try the misdemeanor(s), the misdemeanor(s) may be brought to trial within two hundred and seventy days of the arrest." Id. at 9. Prior to the briefs being filed in this case, the Ohio Supreme Court inHughes rejected our holding in Browning and interpreted R.C.2945.71(D)[4] stating that "[w]here a single indictment contains felony and misdemeanor counts, the speedy trial provisions in R.C. 2945.71(B) must be applied to the misdemeanor counts." Hughes at 427.
In addressing whether their decisions are applicable to cases pending on appeal, the Ohio Supreme Court has consistently reiterated the axiom that a new rule of law applies to appellate cases pending on the announcement date unless the conviction has become final, and "final conviction" means "a conviction in which the accused has exhausted all his appellate remedies." State v.Evans (1972), 32 Ohio St.2d 185, 186, quoting State v. Lynn
(1966), 5 Ohio St.2d 106, 108. We also note that following theHughes decision, the General Assembly amended R.C. 2945.71(D) to allow misdemeanors to be brought to trial within the time limits of the highest degree of offense charged.[5] However, because the application of the amended statute was not retrospective, we are compelled to apply the Hughes decision and find that appellant's DUS charge was subject to the ninety-day rule in R.C.2945.71(B)(2). See State v. Anderson (Nov. 3, 1999), Fairfield App. No. CA 10, unreported.
In the instant case, one hundred thirty-six days elapsed between appellant's arrest on January 10, 1999 and the date his trial began on May 26, 1999. When a defendant moves for discharge and presents a prima facie case that the state has not provided a trial within the time limits of R.C. 2945.71, the burden of production shifts to the state to prove that time was extended or tolled under R.C. 2945.72. State v. Butcher (1986), 27 Ohio St.3d 28,30-31. If the state fails to bring forth evidence to extend or toll the time, then discharge is required. Id. The speedy trial provisions of R.C. 2945.71 are to be strictly enforced by the courts of this state. State v. Pachay (1980), 64 Ohio St.2d 218, syllabus.
Appellant contends that the speedy trial time began to run from the date of his arrest on January 10, 1999, and that the triple-count provision of R.C. 2945.71(E) was applicable since he remained in jail throughout these proceedings. According to appellant, the speedy trial time was tolled only from April 21 to April 27, 1999 due to his motion to suppress and, therefore, the state was charged with two hundred thirty-two days. The state contends that the triple-count provision was not applicable from January 10, 1999 to January 14, 1999, and that the bench warrant lodged as a holder against appellant in Hamilton County tolled the speedy trial time from January 14, 1999 until his March 29, 1999 hearing.
We begin our analysis by first determining the applicable date the speedy trial time began to run on the DUS charge. The Ohio Supreme Court has held that "* * * [W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'" State v. Adams (1989), 43 Ohio St.3d 67, 68, quoting State v. Clay (1983), 9 Ohio App.3d 216, 218; Westlake v.Cougill (1978), 56 Ohio St.2d 230, 233. Since deciding Adams, the Ohio Supreme Court in State v. Baker (1997), 78 Ohio St.3d 108, has held that "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." Id. at syllabus.
In this case, it is undisputed that the DUS charged in the indictment was premised upon the same facts and circumstances as the January 10, 1999 DUS charge. When addressing misdemeanors, the Ohio Supreme Court has found that the time between the dismissal of a misdemeanor charge and the service of summons of a subsequent charge arising out of the same conduct, the time is tolled, but not reset. See Cougill at 233. The accused is given credit for the period of time that a charge based on the same conduct is pending prior to the charge being dismissed. Id.
Applying the foregoing principles to the DUS charge, we find that the speedy trial time began with the date of the misdemeanor arrest on January 10, 1999.
We next determine whether the state brought appellant to trial within ninety days of his arrest under R.C. 2945.71(B)(2). The speedy trial time began to run the day after appellant's arrest on January 10, 1999. See State v. Lautenslager (1996), 112 Ohio App.3d 108,109-110. Four days elapsed until appellant failed to appear at his January 14, 1999 arraignment, which tolled the speedy trial time under R.C. 2945.72(A). See State v. Mueller
(Apr. 22, 1985), Preble App. No. CA84-04-005, unreported. Because the record shows that appellant was being held on other charges in Hamilton County and not solely on the charges from which he now seeks a discharge, the triple-count provision under R.C.2945.71(E) is not applicable. See State v. Allen (Oct. 6, 1997), Fayette App. No. CA97-02-004, unreported, at 11, citing State v.Kaiser (1978), 56 Ohio St.2d 29, paragraph two of the syllabus;State v. Bowman (1987), 41 Ohio App.3d 318, 321.
The speedy trial time remained tolled under R.C. 2945.72(A) until March 29, 1999 when the bench warrant was canceled.[6]
See State v. Holder (1992), 79 Ohio St.3d 705. It is unclear from the record whether the bench warrant sua sponte ordered by the trial court would constitute a reasonable continuance granted by the court under R.C. 2945.72(H).[7] We however find that the days between January 14, 1999 and March 29, 1999 are chargeable against appellant under R.C. 2945.72(A). The record supports that the state exercised reasonable diligence to secure appellant's availability for trial where the time period from January 14, 1999 to March 29, 1999 was reasonable for a holder to be lodged against appellant, who was in the Hamilton County jail and aware of the charges against him.
On March 29, 1999, the speedy trial time began to run again and twenty-three days elapsed until April 21, 1999, when appellant made an oral motion to suppress and the speedy trial time was again tolled under R.C. 2945.72(E). See State v. Bumbalough
(1992), 81 Ohio App.3d 408, 410. During this time, the triple-count provision under R.C. 2945.71(E) was applicable since appellant remained in jail solely on the pending charges in lieu of bail and, therefore, the state was charged with a total of sixty-nine days. See Allen at 11. The speedy trial time remained tolled until the trial court entered its judgment on the motion to suppress on April 30, 1999. Since a court speaks through its journal, the speedy trial time was not tolled until the entry was journalized. See State v. King (1994), 70 Ohio St.3d 158, 162; see, also, State ex rel. Hansen (1992), 63 Ohio St.3d 597.
Six days elapsed until May 6, 1999, when appellant filed a motion to dismiss that tolled the speedy trial time until the hearing and trial on May 26, 1999. See State v. Litteral (Jan. 4, 1999), Fayette App. No. CA98-02-002, unreported, at 11. During this time, the triple-count provision under R.C. 2945.71(E) was applicable since appellant remained in jail in lieu of bond and, therefore, the state was charged with a total of eighteen days. See Allen at 11. According to our calculations, we find that ninety-one days were chargeable against the state.
Because we find that the passage of ninety-one days exceeds the statutory requirement of R.C. 2945.72(B)(2), and since we are required to construe this statute strictly against the state, we must conclude that appellant's second issue for review is well-taken.
Under his first issue for review, appellant contends that the speedy trial time for his DUI should not be based upon the felony two hundred seventy-day rule under R.C. 2945.71(C).[8]
Appellant argues that the speedy trial time began to run on January 10, 1999, the date of his misdemeanor arrest, and that the misdemeanor ninety-day rule under R.C. 2945.71(B) should apply to his DUI charge, since he was convicted of the same offense that he was charged with on January 10, 1999. The state contends that the misdemeanor ninety-day rule does not run while appellant is mistakenly, but in good faith, charged with a felony that is later reduced to a misdemeanor.
The construction of the speedy trial statute advocated by the state and which the trial court applied in the case sub judice is consistent with other courts that have considered similar issues when a felony was reduced to a misdemeanor. See State v. Phillips
(1984), 19 Ohio App.3d 85, 86; State v. Cattee (1983), 14 Ohio App.3d 239,242; State v. Smith, 2000 Ohio App. LEXIS 89, *11-12 (Jan. 12, 2000), Athens App. No. 99CA31, unreported; State v.Besimer (Feb. 28, 1996), Ross App. No. 95CA2110, unreported.
In Phillips, the Tenth District Court of Appeals held that "[t]he date from which the speedy trial provisions of R.C. 2945.71
begin to run for an accused whose original felony charge has been reduced to a misdemeanor is the date the summons was served for the lesser offense." Phillips at syllabus. However, the statutory time period for the new reduced charge may not exceed the statutory period for trial on the felony charge. See Cattee
at 243. The speedy trial time is computed by comparing the deadlines for the felony charge versus the reduced charge, and the earlier of the two deadlines is the applicable time for the state to bring a defendant to trial. Id. at 242; Smith, 2000 Ohio App. LEXIS 89 at *10.
It appears from the record that the parties and the trial court all operated under the assumption that the matter of the felony DUI charge controlled the speedy trial time. The state contends that it had acted in good faith in charging appellant with a felony DUI. The record reveals that appellant had three prior convictions for DUI within the past six years to support a charge of a felony DUI. The record also reveals that it was not known until shortly before appellant's trial that his third DUI conviction lacked a proper journal entry. At the May 26, 1999 hearing, appellant's counsel stated that "[w]e knew at the time that there was a third DUI out of Warren County. But there was no information, * * * there was [sic] no records provided from Warren County that the state could have discovered the problem with the records prior to just recently."
In the instant case, the procedural posture is somewhat unusual because prior to the felony being amended to a misdemeanor, appellant had been previously charged with a misdemeanor that was dismissed. We find that the only essential difference for speedy trial purposes between Phillips or Cattee and the case sub judice
is whether the time chargeable to the state on the original misdemeanor, the four days from January 10, 1999 to January 14, 1999, should be included in the speedy trial timetable.
More importantly, we find what is paramount in this case is that a felony DUI charge was brought against appellant. When the state served appellant with a copy of the indictment charging a felony, then the applicable statutory speedy trial time became the two hundred seventy days under R.C. 2945.71(C)(2) for the state to bring appellant to trial. At the time appellant was charged with the felony, four days were chargeable to state on the pending misdemeanor. We need not reach the precise issue as to whether these days are included in the speedy trial timetable for the felony charge. By the time of his trial when the state amended the felony to a misdemeanor, only ninety-one days were chargeable to the state from the date of his misdemeanor arrest on January 10, 1999. The state was still well within the two hundred seventy-day rule under R.C. 2945.71(C)(2).
Once the felony was reduced to a misdemeanor, we find that the rule in Cattee is applicable in determining the appropriate speedy trial time. Under Cattee, the earlier deadline of ninety days on the reduced charge controls over the one hundred sixty-nine days remaining on the felony speedy trial timetable. The state still had ninety days from May 26, 1999 to bring appellant to trial on the reduced charge. Accordingly, the state brought appellant to trial well within two hundred seventy days of his initial arrest on January 10, 1999 and within ninety days of the reduction in charges.
Under the facts and circumstances surrounding his DUI charge, we find that appellant was not prejudiced. Appellant has not presented any evidence that the state acted with bad faith in an effort to subvert his constitutional rights. To hold that the misdemeanor ninety-day rule under R.C. 2945.72(B)(2) was applicable while a felony was pending ignores the statutory requirements enacted by the legislature to be applied to a pending felony. Here, there was sufficient evidence presented that supported the grand jury to indict appellant on a felony DUI charge. As in Phillips, we also find in this case that it "would place an unduly severe burden on the prosecution to treat all persons suspected of conduct which would constitute either a felony or a misdemeanor as though they should be tried for the misdemeanor." Phillips, 19 Ohio App.3d at 86.
We also find that appellant's DUI is distinguishable from his DUS charge so Hughes is not dispositive of the applicable speedy trial time. The holding in Hughes is limited to whether the state can bring a misdemeanor to trial with a felony charged at the same time under the two hundred seventy-day rule of R.C. 2945.72(C)(2). See Hughes, 86 Ohio St.3d at 427.
In addressing whether Hughes was applicable to a felony that was later reduced to a misdemeanor, the Fourth District Court of Appeals in Smith, 2000 Ohio App. LEXIS 89 at *11, stated that "the rationale of the Hughes decision does not logically extend to the dilemma presented when the state chooses to reduce a felony charge to a misdemeanor. The interest of the state in extending the speedy trial time in Hughes was merely an interest in economy and convenience." Id., citing Hughes at 427. The court further stated that" [i]n contrast, the interests supported by the Cattee
rule, those of fairness and justice, are of far greater significance." Id. at *12. Based upon the existence of sufficient evidence to support the felony charge, we also decline to extend the Hughes decision to appellant's DUI charge. See id.
We therefore find that appellant was brought to trial on his DUI charge well within the applicable speedy trial guidelines. Accordingly, we find that appellant's first issue for review is not well-taken.
For the reasons stated herein, we affirm appellant's conviction for driving under the influence. However, we are constrained to reverse the judgment of the trial court on appellant's conviction for driving under suspension and appellant is discharged as to that conviction. Accordingly, appellant's assignment of error is overruled in part and sustained in part.
Judgment affirmed in part and reversed in part.
WALSH and VALEN, JJ., concur.
[1] The docket in this case reveals that a motion to dismiss was filed on May 6, 1999. Appellant mailed a pro se motion to the trial judge who apparently filed it with the clerk.
[2] Appellant's third DUI conviction was appealed to this court. See State v. Fields (July 6, 1998), Warren App. Nos. CA97-09-100, CA97-09-101, CA97-11-118, unreported. In that case, we reversed and remanded his DUI conviction because the record did not support that he had validly waived his right to counsel. Id. The record before this court on his present appeal indicates that on remand there was a DUI conviction but the judgment was not adequately placed upon the records by the Mason Municipal Court.
[3] Prior to trial, appellant and the state entered into a stipulation of fact that on January 10, 1999, appellant's driver's license or driving privileges were suspended under R.C. 4507.16.
[4] At that time of his trial, R.C. 2945.71(D) provided that where there are mixed classes of misdemeanors, the defendant shall be brought to trial "within the time period required for the highest misdemeanor within the same indictment."
[5] The 123rd Ohio General Assembly amended R.C. 2945.71(D) to clarify the manner in which the "speedy trial" statute applies to a criminal defendant charged with multiple offenses of different degrees. S.B. 49. R.C. 2945.71(D) as effective November 29, 1999 states "[a] person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section."
[6] Even if we found that appellant was no longer unavailable on Saturday, March 27, 1999 when he was returned to Clermont County and remained in jail, the time would be extended to Monday, March 29, 1999. Crim.R. 45(A) states "Time:computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday."
[7] The docket of the municipal court case from the January 10, 1999 charges was submitted as an exhibit and reveals that the court ordered a bench warrant on January 14, 1997 and the bench warrant was served on appellant in Hamilton County. Appellant did not submit the file from this case to this court as part of the record. Therefore, we are unable to review the judgement entry to see if it indicates and sets forth the reasons justifying a continuance for the speedy trial time to be tolled under R.C.2945.72(H). See State v. Keith (1998), 130 Ohio App.3d 456;State v. Geraldo (1983), 13 Ohio App.3d 27, 31.
[8] DUI is ordinarily a first-degree misdemeanor. See R.C.4511.99(A)(1)-(2). After three or more DUI violations over a six-year period, subsequent violations are a fourth degree felony. R.C. 4511.99(A)(4)(a).