[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 424.]

THE STATE OF OHIO, APPELLEE, *v.* HUGHES, APPELLANT.

[Cite as *State v. Hughes*, 1999-Ohio-118.]

*Criminal law—Where single indictment contains felony and misdemeanor counts, speedy-trial provisions in R.C. 2945.71(B) must be applied to the misdemeanor counts.*

Where a single indictment contains felony and misdemeanor counts, the speedy-trial provisions in R.C. 2945.71(B) must be applied to the misdemeanor counts.

(No. 98-1612—Submitted April 14, 1999—Decided September 15, 1999.)

CERTIFIED by the Court of Appeals for Stark County, No. 1997CA00356.

————————————

{¶ 1} Defendant-appellant Todd Hughes taught music and choir and directed the annual school musical at Fairless High School in Stark County. In November 1996, the police caught appellant and one of his minor students consuming alcohol. Due to this incident, the school board sought to terminate appellant's classroom and extracurricular responsibilities. Pursuant to a settlement agreement, appellant submitted his irrevocable resignation.

{¶ 2} In February 1997, appellant stayed at the home of the high school student involved in the alcohol incident. On the second night of his stay, appellant engaged in fellatio with the student.

{¶ 3} In a single indictment, appellant was indicted on one count of sexual battery, in violation of R.C. 2907.03, a third-degree felony, one count of sexual imposition, in violation of R.C. 2907.06, a third-degree misdemeanor, and one count of contributing to the delinquency of a minor, in violation of R.C. 2919.24, a first-degree misdemeanor. The sexual imposition count related to a separate incident in which appellant allegedly fondled the boy's genitals, and the

delinquency count arose from the alcohol incident.

**{¶ 4}** Appellant moved to dismiss the misdemeanor counts based on the state's failure to try those charges within ninety days of his arrest pursuant to R.C. 2945.71(B)(2) and (D).[1]  The court overruled the motion.  Thereafter, appellant pleaded no contest to all counts of the indictment.  He was convicted as charged and sentenced to four years for sexual battery, six months for contributing to the delinquency of a minor, and sixty days for sexual imposition.  The sentences were concurrent.  The court of appeals affirmed.

**{¶ 5}** Finding its decision to be in conflict with decisions from the First District (*State v. Dunson* [Mar. 20, 1991], Hamilton App. Nos. C-900218, C-900222, and C-900223, unreported, 1991 WL 36532); Third District (*State v. Branham* [Oct. 8, 1987], Paulding App. No. 11-85-9, unreported, 1987 WL 18223); Fourth District (*State v. Leadingham* [June 2, 1989], Scioto App. No. 1749, unreported, 1989 WL 62873); Eighth District (*State v. Walton* [1991], 77 Ohio App.3d 706, 603 N.E.2d 294); and Eleventh District (*State v. Dembecki* [Apr. 15, 1983], Portage App. No. 1273, unreported, 1983 WL 6239, and *State v. Doane* [1990], 69 Ohio App.3d 638, 591 N.E.2d 735), the court of appeals certified the record of the cause to this court for review and final determination.

———————————

*Lesh, Casner & Miller, John S. McCall, Jr.* and *John R. Frank*, for appellant.

*Robert D. Horowitz,* Stark County Prosecuting Attorney, *J. Leslie Markijohn* and *Ronald Mark Caldwell*, Assistant Prosecuting Attorneys, for appellee.

———————————

1. Appellant also moved to dismiss the sexual battery charge, challenging the allegation that he was a teacher at the time of the criminal conduct.  His motion was overruled.  The court of appeals affirmed.  Appellant's discretionary appeal to this court on that issue was not allowed. *State v. Hughes* (1998), 84 Ohio St.3d 1411, 701 N.E.2d 1020.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 6} The issue certified for our review is "Does the longer 270-day statutory speedy trial provision, R.C. 2945.71(C)(2), apply to misdemeanor counts which are joined with a felony count in a single indictment?" For the following reasons, the answer to this question is no. We reverse the judgment of the court of appeals.

{¶ 7} The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by the Fourteenth Amendment. Section 10, Article I of the Ohio Constitution guarantees an accused this same right. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 68, 2 O.O.3d 219, 220, 357 N.E.2d 40, 42. Although the United States Supreme Court declined to establish the exact number of days within which a trial must be held, it recognized that states may prescribe a reasonable period of time consistent with constitutional requirements. *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 113. In response to this authority, Ohio enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial.

{¶ 8} Pursuant to R.C. 2945.71(B)(1), a person against whom a charge of misdemeanor of the third or fourth degree is pending must be brought to trial within forty-five days after his arrest or service of summons. According to R.C. 2945.71(B)(2), a person against whom a charge of misdemeanor of the first or second degree is pending must be brought to trial within ninety days after his arrest or summons. R.C. 2945.71(C)(2) provides that a person against whom a charge of felony is pending must be brought to trial within two hundred seventy days after his arrest. R.C. 2945.71(D) provides that where there are mixed classes of misdemeanors, the defendant shall be brought to trial "within the time period required for the highest degree of misdemeanor charged." However, the statute is

silent as to what happens when a defendant is charged with a felony and misdemeanor within the same indictment. We are asked to decide which provision applies under these circumstances.

{¶ 9} The court of appeals held that the two-hundred-seventy-day speedy-trial provision for felonies (R.C. 2945.71[C][2]) should also apply to the misdemeanor counts. The court reasoned that extending the time to bring the misdemeanor to trial promotes the public interest, decreases the likelihood that double jeopardy will bar prosecution of the felony, and does not force the state to go to trial before the time within which it is required to try the felony. Also, the court said that the defendant's rights are not jeopardized, because there is a pending felony charge against him. Thus, a later trial date does not unduly restrain the defendant's freedom or disrupt his life, since he is already subject to the felony charge.

{¶ 10} In addition to the Fifth District, the Seventh, Ninth, and Twelfth Districts have ruled this way and applied R.C. 2945.71(C)(2) (the two-hundred-seventy-day speedy-trial provision). *State v. Leanza* (Sept. 1, 1982), Summit App. Nos. 10506, 10517, and 10538, unreported, 1982 WL 2746; *State v. Hearns* (Nov. 27, 1985), Summit App. No. 12093, unreported, 1985 WL 3994; *State v. Browning* (Nov. 12, 1991), Butler App. No. CA91-01-009, unreported, 1991 WL 238244; *State v. Leeper* (Dec. 30, 1993), Harrison App. No. 446, unreported, 1993 WL 546619.

{¶ 11} Conversely, the First, Third, Fourth, Eighth, and Eleventh Districts have ruled that where a defendant is charged with a felony and a misdemeanor in the same indictment, the misdemeanor must be brought to trial within the time prescribed for misdemeanors in R.C. 2945.71(B). *State v. Branham* (Oct. 8, 1987), Paulding App. No. 11-85-9, unreported, 1987 WL 18223; *State v. Dembecki* (Apr. 15, 1983), Portage App. No. 1273, unreported, 1983 WL 6239; *State v. Leadingham* (June 2, 1989), Scioto App. No. 1749, unreported, 1989 WL 62873; *State v. Doane*

4

(1990), 69 Ohio App.3d 638, 591 N.E.2d 735 (Trumbull); *State v. Dunson* (Mar. 20, 1991), Hamilton App. Nos. C-900218, C-900222, and C-900223, unreported, 1991 WL 36532; and *State v. Walton* (1991), 77 Ohio App.3d 706, 603 N.E.2d 294 (Cuyahoga). These courts reason that the speedy-trial statute is mandatory and must be strictly followed. Some of these courts have also ruled that R.C. 2945.71(D) does not apply to extend the time frame because that provision specifically states that it applies only to misdemeanors. See, *e.g., Doane*, 69 Ohio App.3d at 655-656, 591 N.E.2d at 747; *Walton*, 77 Ohio App.3d at 714, 603 N.E.2d at 299-300. The courts reason that the General Assembly could have specifically provided for this situation, just as it provided for the multiple-misdemeanor scenario covered by R.C. 2945.71(D), but since the legislature did not, the courts cannot. The General Assembly must have intended for courts to apply the misdemeanor time limit when a person is charged with a felony count as well. See *Doane*, 69 Ohio App.3d at 656, 591 N.E.2d at 747; *Leadingham* at 4. We find this line of reasoning more persuasive.

**{¶ 12}** This court has repeatedly held that Ohio's speedy-trial statutes are mandatory and that the state must strictly comply with their provisions. See, *e.g., State v. Pudlock* (1975), 44 Ohio St.2d 104, 105, 73 O.O.2d 357, 358, 338 N.E.2d 524, 525; *State v. Singer* (1977), 50 Ohio St.2d 103, 105, 4 O.O.3d 237, 238, 362 N.E.2d 1216, 1218; *State v. Tope* (1978), 53 Ohio St.2d 250, 252, 7 O.O.3d 408, 409, 374 N.E.2d 152, 154; *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, syllabus; *State v. Adams* (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, 1027.

**{¶ 13}** The state, however, relies on *dicta* in *State v. Ladd* (1978), 56 Ohio St.2d 197, 201, 10 O.O.3d 363, 365, 383 N.E.2d 579, 582, to argue that when legislative goals and judicial autonomy would be frustrated by its enforcement, the speedy-trial statute will not be given effect.

**{¶ 14}** However, the fundamental right to a speedy trial cannot be sacrificed

for judicial economy or presumed legislative goals. In construing a statute, we may not add or delete words. *State ex rel. Sears, Roebuck & Co. v. Indus. Comm.* (1990), 52 Ohio St.3d 144, 148, 556 N.E.2d 467, 471. According to the plain language of the statute, the state had ninety days after appellant's arrest to bring him to trial on the misdemeanor charges, R.C. 2945.71(B) and (D), and pursuant to R.C. 2945.71(C)(2), the state had two hundred seventy days after appellant's arrest to bring him to trial on the felony charge.[2]

**{¶ 15}** Accordingly, we answer the issue before us in the following manner: Where a single indictment contains felony and misdemeanor counts, the speedy-trial provisions in R.C. 2945.71(B) must be applied to the misdemeanor counts. The judgment of the court of appeals affirming appellant's convictions on the misdemeanor counts is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS and RESNICK, JJ., concur.

PFEIFER and COOK, JJ., dissent.

LUNDBERG STRATTON, J., dissents.

---

**COOK, J., dissenting.**

**{¶ 16}** I agree with the four appellate districts that have concluded that the more reasonable interpretation of R.C. 2945.71 is that courts need meet only the two-hundred-seventy-day time period applicable to felonies where misdemeanor and felony counts are joined in a single indictment.

PFEIFER, J., concurs in the foregoing dissenting opinion.

---

2. The General Assembly is currently considering an amendment to the statute. See S.B. No. 49.

**LUNDBERG STRATTON, J., dissenting.**

{¶ 17} I would affirm and adopt the reasoning of the court of appeals. In addition, I would adopt the rationale of the courts of appeals in *State v. Leanza* (Sept. 1, 1982), Summit App. Nos. 10506, 10517, and 10538, unreported, 1982 WL 2746; *State v. Hearns* (Nov. 27, 1985), Summit App. No. 12093, unreported, 1985 WL 3994; *State v. Browning* (Nov. 12, 1991), Butler App. No. CA91-01-009, unreported, 1991 WL 238244; and *State v. Leeper* (Dec. 30, 1993), Harrison App. No. 446, unreported, 1993 WL 546619.

{¶ 18} I believe that the majority's interpretation will result in duplication of the trial courts' time and effort, a retrial of very similar facts and issues, needless additional appearances by witnesses and victims, and numerous possibilities of double jeopardy challenges being raised in the subsequent, more serious felony charges.

{¶ 19} In addition, under the majority's interpretation, defendants may be able to obtain information in a subsequent felony case that was not otherwise available under the Rules of Criminal Procedure. This could lead to abuse. The potential for abuse of evidence was an important aspect when the General Assembly rejected the court's proposed liberalized Crim.R. 16. See 146 Ohio Laws, Part VI, 11837. I believe that this reflects the legislature's intention on this issue.

{¶ 20} Furthermore, I do not believe that the defendant's interests are served, as he or she must also duplicate his or her time, efforts and expenses. Multiple sentencing by different courts can result in a greater sentence than a review by one judge who can look at the total picture, merge sentences, or run sentences concurrently. By having one trial, the defendant, if already incarcerated, will not serve more time, or if out on bail, will be less inconvenienced.

{¶ 21} The Twelfth District Court of Appeals summarized the issues well in *State v. Browning* (Nov. 12, 1991), Butler App. No. CA91-01-009, unreported,

1991 WL 238244:

"Admittedly, an accused has both a valid interest in and an independent constitutional right to a speedy trial. *State v. Bonarrigo* (1980), 62 Ohio St.2d 7 [16 O.O.3d 4, 402 N.E.2d 530]. However, the Supreme Court has also recognized, while construing the speedy trial statutes, that the public has an interest not only in the prompt adjudication of criminal cases, but in obtaining convictions of persons who have committed criminal offenses against the state as well. *Bonarrigo*, *supra*, at 11 [16 O.O.3d at 6-7, 402 N.E.2d at 534]. Clearly, the public interest would not be served by permitting an accused to circumvent the prosecution of a misdemeanor merely because the grand jury did not return an indictment on the misdemeanor before the time to try the misdemeanor terminated. To allow such an evasion would encourage defendants charged with both a felony and a misdemeanor to urge the lower court to bind the misdemeanor charge along with the felony charge over to the grand jury in the hope that the indictment would not be returned until after the time to try the misdemeanor had expired. It is difficult to imagine [that] the General Assembly intended such a result to occur.

"To extend the time to bring the misdemeanor to trial would also promote the public interest by alleviating the heavy burden the state typically encounters during the prosecution of a defendant charged with both a felony and a misdemeanor. No longer will the state be placed in the untenable position of either dismissing the misdemeanor charge because the grand jury did not return the indictment before the end of the ninety-day period, or prosecuting the misdemeanor prior to the return of the indictment, thus chancing that double jeopardy will bar the subsequent felony prosecution. Nor will the state be forced to go to trial too early on the felony in order to accommodate the speedy trial statute governing the misdemeanor, thereby jeopardizing a conviction on the felony.

"Just as important, an accused is not prejudiced as a result of the extension. This is not the case where the state will be allowed to unjustifiably prolong and

delay the trial of an accused. The state will still be required to bring the accused to trial within the two hundred seventy day period mandated for the felony. Further, given the pending felony charge, the extension to try the misdemeanor does not run afoul of the speedy trial statute's spirit of minimizing the restrictions on freedom and the disruption of life caused by unresolved criminal charges. See *State v. Phillips* (1984), 19 Ohio App.3d 85 [19 OBR 169, 482 N.E.2d 1337]. Ironically, this conclusion did not go unnoticed by the *Doane* court [*State v. Doane* (1990), 69 Ohio App.3d 638, 591 N.E.2d 735], which noted at [656, 591 N.E.2d at 747], 'Certainly, the defendant would not be prejudiced if the longer time period was applicable to all of the charges.'

"To ensure that those individuals who have committed crimes against the state are properly prosecuted, we now adopt the rule of law that when an indictment containing both felony and misdemeanor charges is returned after the expiration of the time to try the misdemeanor(s), the misdemeanor(s) may be brought to trial within two hundred seventy days of the arrest. We believe this rule to be a sensible and reasonable compromise between the competing interests of society and those individuals accused of committing crimes."

{¶ 22} I believe that the silence of the General Assembly permits this court to interpret these statutes to promote justice and judicial economy. Since the majority does not agree, I am hopeful that the General Assembly will see fit to address these issues promptly if its intention has been misinterpreted by our decision, or this issue was somehow overlooked.

{¶ 23} For these reasons, I respectfully dissent.

————————————