OPINION
Appellant, the State of Ohio, appeals the decision of the Court of Common Pleas, Fairfield County, Juvenile Division, dismissing a ten-count complaint against Appellee Sterling Anderson alleging that he contributed to the delinquency of a minor. The relevant procedural facts in this matter are as follows. On January 24, 1997, the state charged appellee with one count of contributing to the unruliness and/or delinquency of a minor ("Juvenile Complaint 1"). The complaint alleged a continuous course of conduct commencing October 11, 1996. Appellee received service of Juvenile Complaint 1 on February 17, 1997. On April 18, 1997, the state filed its bill of particulars. Soon thereafter, the state became aware that the minor, Mahala Eyman, was making additional allegations of sexual conduct with appellee, facts which were not part of the bill of particulars. Therefore, on April 22, 1997, the state dismissed Juvenile Complaint 1 without prejudice and began preparations to re-file. On January 30, 1998, the Fairfield County Grand Jury indicted appellee on four felony counts of sexual battery and fourteen misdemeanor counts of contributing to the unruliness and/or delinquency of a minor ("the indictment"). Appellee received his summons on this second prosecution on February 2, 1998. On March 30, 1998, appellee filed a motion to sever the felony and misdemeanor counts, which the trial court granted, despite the state's objection, on April 28, 1998. The fourteen misdemeanor counts in the indictment were thus transferred to the Juvenile Division for disposition. However, the state chose to dismiss said misdemeanor counts without prejudice on July 1, 1998. Meanwhile, the Common Pleas court began a jury trial on the felony sexual battery charges in the indictment on September 14, 1998. On September 22, 1998, the jury returned a verdict of not guilty on all four felony counts. On October 6, 1998, the state again filed a complaint in the Juvenile Division, this time alleging ten counts of contributing to the unruliness and/or delinquency of a minor ("Juvenile Complaint 2"). Appellee received his summons regarding this action on October 15, 1998. On December 4, 1998, appellee filed a motion to dismiss on speedy trial grounds, inter alia. The trial court heard oral arguments regarding the motion and issued a judgment entry of dismissal in favor of appellee on February 4, 1999. The state timely appealed and herein raises the following assignment of error:
I. THE DECISION OF THE JUVENILE COURT DISMISSING THE COMPLAINT FOR STATUTORY SPEEDY TRIAL VIOLATIONS WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION.
As an appellate court, we must give great deference to the factual findings of a trial court. However, we must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case. State v. Williams (1994), 94 Ohio App.3d 538, 543, citing State v. Klein (1981), 73 Ohio App.3d 486, 488. It is based upon this standard that we review appellant's sole assignment of error. R.C. 2945.73
mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and 2945.72, the accused shall be discharged. The prosecution must strictly comply with R.C.2945.71 and 2945.73. State v. Reeser (1980), 63 Ohio St.2d 189,191; State v. Rockwell (1992), 80 Ohio App.3d 157, 165. A defendant facing a first-degree misdemeanor is entitled to a trial within ninety days of his or her arrest or the service of summons. R.C. 2945.71(B)(2). Based on the combination of misdemeanor and felony charges in the indictment served on February 2, 1998, the trial court adopted the holding of State vs. Browning (Nov. 12, 1991), Butler App. No. CA91-01-009, unreported, and applied to the misdemeanor charges the 270-day speedy trial rule for felonies under R.C. 2945.71(C)(2). Nonetheless, the trial court ultimately found that even the 270-day rule had been violated as of December 4, 1998, the date of appellee's motion to dismiss, and thereby granted the dismissal. However, subsequent to the submission of briefs in the case sub judice, the Ohio Supreme Court rejected the Browning holding. See, State v. Hughes (1999), 86 Ohio St.3d 424. The Court now directs that "[w]here a single indictment contains felony and misdemeanor counts, the speedy-trial provisions in R.C.2945.71(B) must be applied to the misdemeanor counts." Id. at 427. Thus we are compelled to apply the 90-day rule to the procedural facts in this matter. The state, in its trial memorandum filed December 14, 1998 in response to appellee's motion to dismiss, placed its confidence in Browning and apparently did not dispute that at least ninety days had elapsed for speedy trial purposes: The State represents that the Defendant's speedy trial period should be calculated as follows:
 February 2, 1998 (service of summons of indictment) to March 30, 1998 (Defendant's motion to sever) 56 days
 April 28, 1998 (Entry severing counts) to May 29, 1998 (Defendant's motion for evaluation) 31 days
 October 15, 1998 (Service of Defendant of Juvenile Comp. 2) to December 4, 1998 (Defendant's various motions) 50 days
 The State argues that the State has used one hundred thirty seven (137) days out of a possible 270 days in which to try the Defendant.
State's Trial Memorandum Contra at 7.
The state now makes the additional argument on appeal that even if the 90-day rule is applicable, counts seven through ten of Juvenile Complaint 2 allege completely new time periods, and therefore the time requirements for a trial on said counts would commence on October 15, 1998. Thus, argues the state, the speedy trial time for counts seven through ten had not expired when appellee filed his motion for dismissal on December 4, 1998. Initially, we question whether the record actually supports the state's position. Both the indictment and counts seven to ten of Juvenile Complaint 2 contain allegations of appellee aiding and abetting the minor child to become unruly between the months of June 1996 and January 1997. Nevertheless, this Court "need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus. The state, in its aforementioned trial memorandum, made reference to the differences between the time parameters in Juvenile Complaint 1 and Juvenile Complaint 2, and listed the various dates alleged in Juvenile Complaint 2 and the indictment. However, the state did not specifically argue at the trial level that counts seven through ten of Juvenile Complaint 2 essentially created a new cause of action apart from the allegations in the indictment. Having failed to demonstrate that it presented this issue via written argument for consideration by the trial court, and having chosen not to prepare a transcript of the hearing on the motion to dismiss, the state is precluded from now asserting this position before this Court. Finally, the state urges that we extend the holding of State v. Gettys (1976), 49 Ohio App.2d 241 to the case sub judice. Gettys holds that "[t]he requirements set forth in R.C.2945.71 et seq. pertaining to time for trial have no application to the time for trial of a cause in which an original conviction has been reversed and the matter remanded for retrial." Id. at paragraph one of the syllabus. We agree with appellee that the rationale of Gettys is to prevent a scenario wherein virtually no cases could be tried on remand because of the exhaustion of speedy trial limits from the initial action. Such a rationale is inapplicable to the procedural history of the case sub judice. Appellant's sole assignment of error is overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio is affirmed.
By: Wise, P.J. Farmer, J., and Edwards, J., concur.