[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellee William Gregory Pennetti was charged with two first-degree misdemeanors, driving under the influence and operating a vehicle with an alcohol concentration above specified limits, and the minor-misdemeanor traffic violation of weaving. Pennetti was arrested on November 21, 1998. After continuances upon request of the trial court, the state, and himself, Pennetti's jury trial was set for May 3, 1999. On that date, Pennetti moved to dismiss the charges for failure to bring him to trial within the speedy-trial limits of R.C. 2945.71. The trial court granted the motion.
The state of Ohio appeals the trial court's granting of Pennetti's motion, raising one assignment of error. The state argues that the trial court granted sua sponte two reasonable continuances, one for the fourteen-day period between March 24, 1999, and April 7, 1999, and the other for the twenty-six-day period between April 7, 1999, and May 3, 1999. Accordingly, the state reasons, the speedy-trial time limit was properly extended under R.C. 2945.72(H) so as to make Pennetti's trial date timely.
In our review of the state's appeal, we must recognize that "[t]he right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by the Fourteenth Amendment [and that] Section 10, Article I of the Ohio Constitution guarantees an accused this same right."[1] Consistent with the constitutional requirement, the Ohio legislature "enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial."[2] "Ohio's speedy-trial statutes are mandatory and * * * the state must strictly comply with their provisions."[3] "Extensions of the time period within which the accused must be brought to trial are permissible only for the reasons expressed in R.C. 2945.72."[4] According to R.C.2945.72(H), the speedy-trial time may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." It is because of R.C. 2945.72(H) that the state contends that the two contested continuances should not be charged against it.
R.C. 2945.71(B)(2) required that Pennetti be brought to trial within ninety days of his arrest. In order to prevail on his motion to dismiss, Pennetti had the burden to prove that he had not been brought to trial within that ninety-day period. The expiration of the ninety days established "a prima facie case of a violation of the speedy-trial statutes."[5] The state then had the burden to prove that time was extended or tolled under R.C. 2945.72.[6]
The record demonstrates that more than ninety days had elapsed between November 21, 1998, the date Pennetti was arrested, and May 3, 1999, the date on which his trial was scheduled. Because he was not tried within ninety days of his arrest, the state had the burden to demonstrate that enough time had been extended by the actions or events set forth in R.C. 2945.72 so that Pennetti's trial date was within the statutory period.
To meet its burden, the state attempted to prove that the trial court sua sponte set two reasonable continuances. To constitute a reasonable continuance under R.C. 2945.72(H), "the court must journalize an entry stating the reasons therefor before the expiration of the time limit within which the defendant must be brought to trial."[7]
The problem with this case is that there is some conflict within the trial court's entries. On March 24, 1999, the trial court journalized a handwritten entry indicating that it wassua sponte resetting the case because of an "older jury." The municipal court assignment commissioner testified that this time was charged to the state (on the commissioner's records) because the record failed to contain a "formal time waiver."
An April 7, 1999, handwritten journal entry indicated that the state had requested a continuance. According to the testimony of the assignment commissioner, the state was not charged with this continuance because the record contained a document indicating that the trial court had sua sponte issued the April 7 continuance because it was unavailable due to "oldest jury heard." At the hearing on the motion to dismiss, the trial court clarified that it had signed that document with the wrong dates. In other words, the document was supposed to refer to the March 24 sua sponte continuance, and not to the state's April 7 request for a continuance. We have no reason to doubt the trial court's handwritten journal entries, especially because the handwritten entries are consistent with the transcript of the proceedings held on March 24 and April 7. Thus, the March 24 continuance was on the court's own motion and could possibly fall under R.C. 2945.72(H), but the April 7 continuance should have been charged against the state.
The state argues that the March 24 continuance was reasonable and, thus, should have extended the speedy-trial time. Even were we to conclude that the trial court's entry "demonstrate[d] affirmatively in the record why its continuance was reasonable,"[8] Pennetti's May 3 trial date still would not have fallen within the ninety-day time limit. That is because even without counting the time under the fourteen-day March 24 continuance, the twenty-six-day period between April 7 and May 3, chargeable to the state, resulted in a ninety-nine-day delay between Pennetti's arrest and the date of dismissal. Consequently, Pennetti was denied his right to a speedy trial, and the trial court was correct in dismissing all charges against him.
Therefore, we affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., SUNDERMANN and WINKLER, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 9, 2000
per order of the Court.
Presiding Judge
[1] State v. Hughes (1999), 86 Ohio St.3d 424, 425,715 N.E.2d 540, 542.
[2] Id.
[3] Id. at 427, 715 N.E.2d at 543.
[4] State v. Hirsch (1998), 129 Ohio App.3d 294, 315,717 N.E.2d 789, 804.
[5] Id.
[6] Id. at 315-316, 717 N.E.2d at 804.
[7] State v. Hirsch at 317, 717 N.E.2d at 805.
[8] State v. Campbell (Mar. 22, 1995), Hamilton App. No. C-940601, unreported.