OPINION
Defendant, Alan Jeffery Moore, appeals from his conviction and sentence for assault.
Alan J. Moore was indicted by the Champaign County grand jury on one count of Intimidation of a Crime Witness, R.C. 2921.04(B), one count of Retaliation, R.C. 2921.05(A), and one count of Assault, R.C. 2903.13(A). The intimidation and retaliation charges are third degree felonies. The assault charge is a first degree misdemeanor. The charges arose from a physical altercation between Moore and a person who was a witness for the State in a pending criminal proceeding against his brother.
At a pretrial conference Moore orally moved to dismiss the misdemeanor assault charge for want of a speedy trial. The trial court overruled that motion to dismiss, holding that the misdemeanor and felony charges could be tried together at the same time so long as trial commenced within the time limits applicable to the felony charges.
Moore was found not guilty following a jury trial of intimidation in count one, but guilty of the lesser included offense of assault, a misdemeanor. Moore was also found not guilty of retaliation in count two, but guilty of assault in count three. The trial court sentenced Moore to concurrent six month terms of imprisonment, but suspended those and placed Moore on three years of probation with special conditions. Moore has timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR THE DEFENDANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL, THE MISDEMEANOR WAS TRIED OUT OF TIME UNDER THE SPEEDY TRIAL PROVISIONS OF THE OHIO REVISED CODE 2945.71(B).
 Moore argues that the trial court erred in overruling his motion to dismiss because he was not brought to trial on the misdemeanor assault charge in count three within the time limits specified in R.C. 2945.71(B) for misdemeanor offenses.
Moore was charged in count three with assault in violation of R.C. 2903.13(A), which is a misdemeanor of the first degree. With respect to misdemeanor offenses, R.C. 2945.71(B)(2) specifies that the accused shall be brought to trial within ninety days after his arrest or service of summons on the charge involved.
In State v. Hughes (1999), 86 Ohio St.3d 424, the Ohio Supreme Court held that where a single indictment contains both misdemeanor and felony charges, the accused must be brought to trial on those misdemeanor charges within the time limits applicable to misdemeanor charges as set forth in R.C. 2945.71(B). Accordingly, the State was required to bring Moore to trial on the misdemeanor assault charge within ninety days after his arrest or service of summons on that charge, unless the time for trial was extended pursuant to the provisions of R.C. 2945.72.
The State concedes that State v. Hughes, supra, sets forth the controlling law in this case. The State argues, however, that because the record on appeal does not demonstrate either the date on which Moore was first charged with misdemeanor assault or the date he was arrested on that offense, the record is insufficient to make the calculations necessary to determine whether Moore was brought to trial on the misdemeanor assault charge within the time limits specified by R.C. 2945.71(B)(2).
We are unable to tell from the record before us whether Moore was initially charged with assault in Champaign County Municipal Court around the time of his arrest, or whether that charge was added later by the grand jury. This record does reveal that prior to Moore's release from custody on bail on June 7, 1999, he had spent forty eight days in confinement, which suggests that Moore was arrested on or about April 20, 1999. What charges were pending at that time is not demonstrated by the record.
The first date in which a charge of misdemeanor assault appears in the record before us, is May 20, 1999, the date Moore was indicted by the grand jury. Moore was then held in jail. From May 20, 1999 until June 7, 1999, the date Moore was released on bail, eighteen days elapsed. Applying the three for one credit provision in R.C. 2945.71(E) for each day Moore was held in jail, a total of fifty-four days elapsed. From June 7, 1999 until July 12, 1999, the commencement of trial, an additional thirty-five days elapsed, for a total of eighty-nine days.
On this record Moore was brought to trial on the misdemeanor assault charge within the ninety day limit prescribed by R.C. 2945.71(B)(2). The trial court's decision overruling Moore's motion to dismiss for want of a speedy trial was correct, albeit not for the reasons set forth therein.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE COURT ABUSED ITS DISCRETION BY IMPOSING A MORE SEVERE SENTENCE ON THE DEFENDANT WITHOUT CONSIDERING THE STATUTORY CRITERIA SET FORTH IN O.R.C. 2929.22.
 Moore argues that the trial court abused its discretion in failing to consider the factors set forth in R.C. 2929.22 prior to imposing sentence.
In imposing sentence for a misdemeanor offense the trial court must give consideration to the sentencing criteria in R.C.2929.22, and the failure to do so constitutes an abuse of discretion. Cincinnati v. Clardy (1978), 57 Ohio App.2d 153.
The record demonstrates that prior to sentencing Moore the trial court had a presentence investigation report prepared. Furthermore, the trial court considered all sentencing factors in R.C. Chapter 2929. In imposing sentence the trial court made reference to two specific factors, the harm inflicted upon the victim and the lack of any provocation by the victim. Such factors are part of the "nature and circumstances of the offense." R.C. 2929.22(A).
This record refutes Moore's claim that the trial court failed to consider the sentencing criteria in R.C. Chapter 2929 prior to imposing sentence. No abuse of discretion is demonstrated.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.