OPINION
Defendant Allen C. Goins appeals a judgment of the Court of Common Pleas of Morgan County, Ohio, which convicted and sentenced him for assault in violation of R.C. 2903.13; trafficking in cocaine within 1000 feet of a school property in violation of R.C. 2925.03; and possession of criminal tools in violation of R.C. 2923.24. Appellant assigns seven errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER ONE:
 THE TRIAL COURT ERRED IN NOT BRINGING APPELLANT TO TRIAL ON THE MISDEMEANOR CHARGE WITHIN THE SPEEDY TRIAL LIMITS OF OHIO REVISED CODE SECTION 2945.71.
ASSIGNMENT OF ERROR NUMBER TWO:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO AND MOTION TO STRIKE THE TESTIMONY OF SHERIFF TOM JENKINS AS TO HIS "BELIEF" THAT THE DISTANCE BETWEEN THE SHERIFF'S POINT OF MEASUREMENT ON THE GOING PROPERTY TO SCHOOL PREMISES AND THE GOINS HOUSE WAS 110 FEET.
ASSIGNMENT OF ERROR NUMBER THREE:
 THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION FOR ACQUITTAL AS TO THE SPECIFICATION CHARGING THAT THE DISTANCE BETWEEN THE POINT OF SALE WHERE THE TRAFFICKING IN COCAINE OFFENSE ALLEGEDLY TOOK PLACE AND SCHOOL PREMISES WAS LESS THAN ONE THOUSAND FEET.
ASSIGNMENT OF ERROR NUMBER FOUR:
 THE TRIAL COURT ERRED IN FAILING TO GIVE A REQUESTED JURY INSTRUCTION THAT WOULD HAVE STATED TO THE JURY THAT A FINDING THAT THE OFFENSE OF TRAFFICKING IN COCAINE WAS COMMITTED WITHIN 1000 FEET OF A SCHOOL MUST BE PROVEN BEYOND A REASONABLE DOUBT.
ASSIGNMENT OF ERROR NUMBER FIVE:
 THE VERDICTS OF GUILTY OF TRAFFICKING IN COCAINE AND POSSESSION OF CRIMINAL TOOLS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR NUMBER SIX:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ORDERING MANDATORY POST-RELEASE CONTROL CONTRARY TO THE PROVISIONS OF OHIO REVISED CODE SECTION 2967.28.
ASSIGNMENT OF ERROR NUMBER SEVEN:
 POST RELEASE CONTROL AS PROVIDED FOR IN REVISED CODE SECTION 2967.28 VIOLATES THE SEPARATION OF POWERS DOCTRINE AND DUE PROCESS AND PROVIDED FOR IN THE UNITED STATES AND OHIO CONSTITUTIONS.
The record indicates on January 11, 1999, the Washington County Sheriff's Office organized a controlled buy of crack-cocaine from Allen C. Goins in Chesterhill, Ohio. During a second attempt at a controlled buy on January 20, 1999, appellant declined to sell crack-cocaine to the confidential informant, and an altercation broke out.
 I
In his first assignment of error, appellant urges the trial court improperly overruled his pre-trial motion to dismiss the misdemeanor charge of assault on the grounds the State had not brought appellant to trial in the time prescribed by the speedy-trial statute, R.C. 2945.71
(B). It is undisputed the State did not try appellant on this charge within 90 days. The trial court found the controlling case law in this district was that where misdemeanor and felony charges are joined in a single indictment, the longer speedy trial provision of R.C. 2945.71
applies, and the State has 270 days in which to bring the appellant to trial. After the hearing on this matter, the Supreme Court decided State v. Hughes (1999), 86 Ohio St.3d 424. In Hughes, the Ohio Supreme Court found the speedy-trial statute to be mandatory and strictly construed. For this reason, the Ohio Supreme Court held where a single indictment contains both felony and misdemeanor counts, the speedy trial provision for the misdemeanor must be applied to the misdemeanor counts. We note the speedy trial statute has since been amended. Pursuant to Hughes, supra, the first assignment of error is sustained.
 II III
In his second and third assignments of error, appellant urges the State failed to prove beyond a reasonable doubt the offense had been committed within 1000 feet of school premises. At trial, Morgan County Sheriff Thomas C. Jenkins, Sr., testified he personally went to the scene with Trooper Kilgore from the Zanesville post of the Highway Patrol. The sheriff testified that Trooper Kilgore is certified on laser speed control, which will also measure distances. Apparently, the officers used this method of measurement because there is a ravine between appellant's home and the school property. There was no testimony regarding the dimensions of the ravine. The sheriff testified he stood at various sites on school property and Trooper Kilgore stood on appellant's property, and also at an Ohio Power Company pole, "further down the street" from appellant's residence. No measurement was taken from any point on the appellant's home. The sheriff testified he and Trooper Kilgore arrived at various measurements ranging from 700 to 801 feet. When asked the distance between the house and the spot from which the officers made their measurements, Sheriff Jenkins testified he did not measure that distance, and it was not documented. The sheriff testified he believed the lot size was 110 feet, and for this reason, the house would be less than 110 feet from the measurement point. A sketch of the area and the measurements was introduced as plaintiff's Exhibit "R." The sheriff testified the drawing was not to scale, and neither the ravine nor the property lines of the school are indicated on the drawing. R.C.2925.01
(B) defines an offense as committed in the vicinity of a school if it is committed on school premises, in a school building, or within 1000 feet of the boundaries of any school premises. In order to convict a defendant under the school's specification, the State must prove beyond a reasonable doubt the drug transaction occurred within the specified distance from the school, State v. Manley (1994), 71 Ohio St.3d 342, 346. In State v. Olvera (October 15, 1999), Williams County App. No. 98-022, unreported, the Court of Appeals for the Sixth District held an officer's testimony alone is not legally sufficient to support the jury's findings the defendant sold drugs within the vicinity of the school where the officer does not offer testimony as to the distance between the defendant's residence and the school, and offer a diagram depicting the residence in relation to the school drawn to scale. The sheriff admitted on direct the distance between the appellant's residence and the spot where Trooper Kilgore stood was never measured, and not documented. The sheriff testified regarding what he believed the lot size to be, and admitted on cross the diagram the officers prepared was not drawn to scale. The ravine which lies between the school property and the appellant's home was not depicted on the diagram, and no description of it was ever offered. Instead, the officers took the measurement between appellant's property and the school property "as the crow flies." We find the evidence offered by the State was insufficient as a matter of law to sustain the State's charge that the offense was committed within 1000 feet of school premises. Accordingly, the second and third assignments of error are sustained.
 IV
Appellant challenges the trial court's jury instruction on the issue of the school specification to count one, trafficking in cocaine. In light of our holding in II, III, supra, this assignment of error is overruled as moot.
 V
In his fifth assignment of error, appellant urges the jury's verdict's are against the manifest weight of the evidence. Appellant urges the State's informant's description of the person from whom he purchased cocaine does not match appellant's description. Appellant notes the informant was an admitted thief, and drug user, under pressure to assist the State in prosecuting cases. Appellant also hypothesizes the informant actually brought the cocaine with him rather than purchasing it. Regarding the verdict on the charge of possession of criminal tools, appellant points out none of the allegedly criminal tools were found on appellant's person. Our standard of reviewing claims a jury's verdict is against the manifest weight of the evidence is to examine the record and to determine whether it contains sufficient competent and credible evidence going to each essential element of the crime charged, State v. DeHass (1967), 10 Ohio St.2d 230. Appellant challenged the informant's testimony and credibility for the jury, but the jury chose to believe the informant rather than appellant. R.C.2925.01 (K) defines the term "possess" as having control over a thing or a substance, but not inferred totally from access to a thing or substance through ownership or occupation of the premises upon which the thing or substance is found. We find a unreasonable jury could appellant possessed the criminal tools even though the tools were not on appellant's person when they were seized. Our review of the record leads us to conclude the jury's verdict is supported by the manifest weight of the evidence. Accordingly, the fifth assignment of error is overruled.
 VI VII
The trial court ordered appellant to be subject to three post-release control after release from prison pursuant to R.C. 2967.28 (C). Appellant challenges the constitutionality of the Code Section, and the court's authority to make such an order. In State v. Shern (April 13, 1998), Coshocton Appellate Nos. 97-CA-10; 97-CA-12; 97-CA-19; and 97-CA-25, unreported, this court held where an appellant has not yet been subjected to post-control sanctions, or subjected to an extension of prison time pursuant to the bad-time provision of the statute, the issue is not ripe for review, and the appellant lacks standing to raise a challenge. The sixth and seventh assignments of error are overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed in part, reversed in part, and the sentence is vacated.
The matter is remanded to the trial court with instructions to enter an acquittal on the assault charge, to vacate the school specification, and to re-sentence appellant in accord with law and consistent with this opinion.