[Cite as *Toledo v. Sklarov*, 2017-Ohio-137.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


City of Toledo

       Appellee

v.

Sharon Sklarov

       Appellant

Court of Appeals Nos. L-15-1303
L-15-1304

Trial Court Nos. CRB-14-20349
CRB-14-20350

**DECISION AND JUDGMENT**

Decided: January 13, 2017

* * * * *

David Toska, City of Toledo Chief Prosecutor, Henry Schaefer
and Joseph Howe, Assistant Prosecutors, for appellee.

Jerome Phillips and Eric Allen Marks, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Sharon Sklarov, appeals from the October 30, 2015 judgment of
the Toledo Municipal Court convicting her of three violations of Toledo Municipal Code
1726.08, for failing or neglecting to obey or abide with an order to abate a public
nuisance. On this consolidated appeal, appellant asserts the following assignments of
error:

First Assignment of Error:  The lower court erred in denying appellant's motion to dismiss for violations of her right to speedy trial.

Second Assignment of Error:  The lower court erred in finding that appellant was an owner or operator under TMC Sec. 1726.01 and 1726.08.

Third Assignment of Error:  The lower court erred in ordering appellant to pay restitution in the amount of $111,229.95.

{¶ 2} The city of Toledo filed three criminal complaints against appellant on December 30, 2014, for violating Toledo Municipal Code 1726.08(a).  On the morning of trial, appellant moved to dismiss the charges asserting the city had violated her speedy trial rights.  The trial court did not rule immediately on appellant's motion to dismiss.  Instead, the court proceeded with a full bench trial.  Appellant was found guilty of the charges, fined and ordered to reimburse the city for costs incurred in maintaining the property.

{¶ 3} At the close of trial, the court denied appellant's motion to dismiss finding appellant was charged with a third-degree misdemeanor and, therefore, the city had 45 days to bring appellant to trial under the statute, R.C. 2945.71(B)(1), and trial was held on the 37th day.  Appellant filed a motion for a new trial on October 29, 2015, again asserting that she was not brought to trial within the 30 days required by law.  The trial court denied the motion on November 3, 2015.  A notice of appeal was filed on November 23, 2015.

{¶ 4} In her first assignment of error, appellant argues the trial court erred in denying her motion to dismiss based on a violation of her speedy trial rights.  Appellant's

2.

argument is divided into two parts. First, she argues the trial court erred by finding that she was charged with a third-degree misdemeanor. Second, she argues she was not brought to trial within the speedy trial time permitted by R.C. 2945.71(B)(1) and 2945.72. We address only appellant's second argument because it is dispositive of this appeal.

{¶ 5} We review the trial court's decision denying a motion to dismiss, based on an alleged violation of the speedy trial statutes, as a mixed question of law and fact. *State v. Lapoint*, 6th Dist. Lucas No. L-14-1140, 2015-Ohio-1990, ¶ 12. Therefore, we give deference to the trial court's findings of fact, but review the application of the law to those facts de novo. *Id*.

{¶ 6} The fundamental right to speedy trial guaranteed by the Sixth Amendment to the United States Constitution and Ohio Constitution, Article I, Section 10, is implemented through the speedy trial statutes, R.C. 2945.71, et seq. *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus. R.C. 2945.71(B)(1) requires that a person accused of a third-degree minor misdemeanor must be brought to trial within 45 days after arrest or service of summons. We do not reach appellant's argument of whether the charge in this case was a minor misdemeanor, for which there is a 30-day speedy trial requirement, because her trial did not occur even within the greater 45-day time limit required for a third-degree misdemeanor.

{¶ 7} The court and the prosecution have a mandatory duty to comply with the speedy trial statutes, R.C. 2945.71 through 2945.73. *State v. Reeser*, 63 Ohio St.2d 189, 191, 407 N.E.2d 25 (1980); *State v. Pudlock*, 44 Ohio St.2d 104, 105-106, 338 N.E.2d

3.

524 (1975). The trial court must record the necessity and reasons for any continuance made prior to the expiration of the speedy trial time limit if the time is to be chargeable against the defendant pursuant to R.C. 2945.72(H). *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 62; *State v. Mincy*, 2 Ohio St.3d 6, 8, 441 N.E.2d 571 (1982); *State v. Lee*, 48 Ohio St.2d 208, 357 N.E.2d 1095 (1976), syllabus. Extensions of time permitted by R.C. 2945.72 are strictly construed against the state. *State v. Hughes*, 86 Ohio St.3d 424, 427, 715 N.E.2d 540 (1999). Once an accused has presented a prima facie case that the speedy trial time period was exceeded, the burden of production shifts to the prosecution to demonstrate any extension of the time limit. *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986).

{¶ 8} In this case, appellant moved the morning of trial, October 22, 2015, for dismissal of the charges on speedy trial grounds asserting that "296" days had elapsed since her speedy trial time had commenced. Despite the fact that the burden of production shifted to the city to demonstrate that appellant's speedy trial rights were not violated, the city produced no evidence to explain that the alleged 296-day delay was necessary and reasonable.

{¶ 9} One time gap in this case, from September 3, 2015, until the day of trial, October 22, 2015, is dispositive of the speedy trial issue. At a hearing on September 3, 2015, the parties stipulated to the issues to be heard but debated whether a jury trial was necessary. The trial court agreed with the city that no jury was required, but scheduled a jury pre-trial for September 28, 2015, and a jury trial for October 8, 2015 to protect appellant's rights. On September 16, 2016, the jury pre-trial was continued to

4.

October 15, 2015, and the jury trial to October 22, 2015, without any indication on the record as to the reason for the continuance. Although the trial court indicated in its final judgment that the scheduling of the trial for October 22, 2015, was due to continuances requested by appellant and/or motions filed by appellant, the record does not support that finding. The city concedes, this time period of 49 days must be construed in appellant's favor and charged against the city. This gap alone is clearly beyond the 45 days required by R.C. 2945.71(B)(1).

{¶ 10} The city instead argues that appellant acquiesced in the trial court's calculation of 37 days and, therefore, waived any right to challenge the trial court's calculation of the speedy trial days.

{¶ 11} When the motion to dismiss on speedy trial time was discussed at the start of trial, appellant did argue the basis for the motion was "prompted by the discovery of counsel that * * * these charges are actually minor misdemeanors as opposed to misdemeanors of the third degree." However, appellant also argued the only delays caused by her were due to two continuances she requested and a motion to recuse the judge. Nonetheless, appellant argued: "I have still calculated that there are approximately, I believe 199 days chargeable to the state. * * * I would submit that a reasonable review of the journal in this case would establish that more than 30, in fact probably more than 45 days, for a third degree will have elapsed without the defendant being brought to trial."

{¶ 12} After trial, the judge indicated that he calculated the time as 37 days chargeable to the city. Appellant's response focused on the argument that the court's

5.

calculations clearly indicated that appellant's speedy trial rights had been violated because her trial was required to be held within 30 days, as required for minor misdemeanors. The remainder of the discussion focused on whether the charge was a minor misdemeanor or a third-degree misdemeanor. No further discussion was held regarding the calculation of the speedy trial time.

{¶ 13} We find appellant properly raised the issue of speedy trial rights in her motion to dismiss, pursuant to R.C. 2945.73(B), when she argued "296" days had elapsed, and again in her initial argument to the court that "199" days were chargeable to the city. Although appellant focused on the classification of the charge during oral arguments, she did not waive her other argument that the actual number of speedy trial days had exceeded even 45 days. *Compare State v. McClain*, 2015-Ohio-3690, 41 N.E.3d 871, ¶ 24 (2d Dist.); *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶ 21-22 (5th Dist.).

{¶ 14} At the time of trial, the city had the burden to produce evidence of continuances attributable to appellant and did not meet that burden. The lack of evidence was not due to any fault of appellant. There is no evidence in the record to support a finding that the delay of trial from September 3, 2015, until October 22, 2015, could be attributed to appellant. Therefore, we find the trial court erred in denying appellant's motion to dismiss. Appellant's first assignment of error is found well-taken. Consequently, the remainder of appellant's assignments of error are rendered moot.

6.

**{¶ 15}** Having found the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Toledo Municipal Court is reversed and her conviction is vacated for violation of appellant's speedy trial rights. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE